UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WEI MON INDUSTRY CO., LTD., : | |
| : | **Civil Action No. 14-7853 (SRC)** |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| JIMMY CHIEN, LI CHU CHOU CHIEN, : | |
| and KT SUPERWIN CORP., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

This matter comes before the Court upon the motion of Plaintiff Wei Mon Industry, Co., Ltd. ("Plaintiff") to voluntarily dismiss its complaint against Defendants Jimmy Chien ("Chien"), Li Chu Chou Chien ("Chou"), and KT Superwin Corp. ("KT") without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 42.) Defendants Chien and Chou oppose the motion. (Doc. No. 45.) The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons stated herein, Plaintiff's motion will be granted.

    **I.**    **BACKGROUND**

Plaintiff is a Taiwanese manufacturer of disposable tableware and food storage products. (Compl. ¶¶ 3, 7.) KT is a New Jersey corporation that, at least until 2014, had been engaged in the import and sale of plastic goods to corporate customers in the United States. (Compl. ¶¶ 4, 13.) At all times relevant to this litigation, Chien and Chou allegedly co-owned KT. (Compl. ¶¶

1

5-6.) They are alleged to have served as its executive officers until early 2014. (Compl. ¶¶ 5-6, 53, 60.)

The underlying matter arises out of a series of transactions between Plaintiff and KT, commenced in 2012 and 2013, involving the sale of disposable food and beverage containers. (Compl. ¶¶ 15-19, 23-24, 26-27, 41-42.) Through those agreements, Plaintiff allegedly sold and delivered goods to KT; designated KT as its exclusive sales agent for the mainland U.S.; and agreed to pay KT a service charge in exchange for the latter's assistance in arranging the delivery of Plaintiff's merchandise to other customers. (Compl. ¶¶ 19, 41-42, 47-48, 63.) In December 2014, Plaintiff initiated this action against Defendants, seeking damages for, inter alia, breach of contract, breach of fiduciary duty, negligent misrepresentation, and fraud. (Compl. ¶¶ 66, 73, 85-87, 99-102.) In its Complaint, Plaintiff asserts that Defendants failed to make payments for goods sold and delivered; misrepresented the nature of KT's ability to pay based on its purportedly existing contracts with downstream customers; and failed to satisfy other obligations incident to KT's role as Plaintiff's sales and delivery agent. (Compl. ¶¶ 66, 70, 77-81, 89, 108.) In April 2015, Chien and Chou served an Answer. (Doc. No. 8). KT has failed to plead or otherwise defend, and default as to it was entered in August 2015. (Doc. No. 18). Plaintiff now seeks an order of voluntary dismissal, without prejudice, pursuant to Rule 41(a)(2).

## II.   LEGAL STANDARD

Under Rule 41(a)(2), if a defendant has served an answer or a motion for summary judgment and has not consented to a stipulation of dismissal, as is the case here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Whether a Rule 41(a)(2) dismissal should be granted is within

the sound discretion of the court.  Quality Improvement Consultants, Inc. v. Williams, 129 Fed. App'x 719, 722 (3d Cir. 2005) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)).

"Generally, a motion for dismissal should not be denied absent substantial prejudice to the defendant." CPS Medmanagement LLC v. Bergen Reg'l Med. Ctr., L.P., 940 F. Supp. 2d 141, 171 (D.N.J. 2013) (internal quotation marks omitted) (quoting Sporn v. Ocean Colony Condo. Ass'n, 173 F. Supp. 2d 244, 255 (D.N.J. 2001)). "'Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" Pappas v. Twp. of Galloway, 565 F. Supp. 2d 581, 593 (D.N.J. 2008) (quoting In re Paoli R.R. Yard PCB Litigation, 916 F.2d 829, 863 (3d Cir. 1990)); see also Environ Prods., Inc. v. Total Containment, Inc., No. 94-7118, 1995 U.S. Dist. LEXIS 10855, 1995 WL 459003, at *5 (E.D. Pa. July 31, 1995) ("Plain legal prejudice simply does not result . . . when plaintiff may gain some tactical advantage by a voluntary dismissal") (citing In Re Paoli 916 F.2d at 863).

In determining whether a voluntary dismissal is likely to result in prejudice to a defendant, Courts in this district have considered several factors.  These factors include "(1) the expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial in the current case; (3) the extent to which the case is progressing; and (4) plaintiff's diligence in bringing the motion to dismiss." Sporn, 173 F. Supp. 2d at 255 (citation and internal quotation marks omitted).

### III. DISCUSSION

The foregoing factors weigh in favor of dismissal without prejudice in the present case.  First, the expense of a second litigation would not be excessive or duplicative.  Aside from an initial exchange of written discovery, the action is still in its preliminary stages.  Although depositions of Plaintiff's representatives, Defendants, and other fact witnesses have been

requested, none have been conducted. No dispositive motions have been filed, and a trial date has not been set. Plaintiff in its moving papers also concedes that it would not object in any subsequent action to the use of evidence obtained through discovery in the present litigation. (Doc. No. 42-1, Plaintiff's Brief in Support of Plaintiff's Motion for Voluntary Dismissal Without Prejudice ("Pl. Mov. Br."), at 9). There is, moreover, no indication that the evidence discovered thus far would be either unnecessary or unusable in a future action. See Tyco Labs., Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980) (per curiam) (extensive discovery is not prejudicial where the results of discovery may be used in any subsequent litigation); accord Davis v. USX Corp., 819 F.2d 1270, 1276 (4th Cir. 1987); Conafay v. Wyeth Labs., Div. of Am. Home Products Corp., 793 F.2d 350, 353 n.5 (D.C. Cir. 1986). Furthermore, Plaintiff has agreed to "transfer all pleadings . . . to any future proceeding[,]" should one be initiated. (Pl. Mov. Br. at 9.) At minimum, this promise implies that Plaintiff would be limited to the facts and claims that it has alleged here. Thus, Defendants are unlikely to incur, in any future action, the expenses they have incurred in the present litigation; there would also be minimal cost in bringing any future action to the present posture.

     Defendants' arguments to the contrary are unpersuasive. They argue that the work their counsel has performed thus far is unlikely to be 'used' in any future action because the most likely forum for that action would be in Taiwan. (Doc. No. 45, Affidavit of James Scott Yoh ("Defs.' Opp'n"), at 2-3). Defendants point to choice-of-forum clauses selecting Taiwan courts in several of the parties' agreements and the fact that many of the potential witnesses in the matter are citizens and residents of Taiwan as bases for this assumption. (Id. at 2, 3 n. 1.) They argue that, due to differences between Taiwan's and the U.S.'s legal systems, their efforts in the present case—presumably, in drafting pleadings and undertaking discovery—are likely to be

4

wasted because the fruits of those efforts either could not or would not be used in a Taiwanese proceeding. (Id. at 2-3.) Defendants cite, as relevant differences, Taiwan's general adherence to a civil law tradition and the role of a judge as the ultimate finder-of-fact in that tradition. (Id. at 3.) Defendants fail to explain, however, why these differences would prevent them from using evidence that they have obtained thus far in a future Taiwanese proceeding, and nothing about the civil law tradition or a judge's role therein bespeaks such a limit. Indeed, even if one were to assume arguendo that a Taiwan court would not have permitted the parties to obtain the evidence exchanged thus far, this fact only implies that Defendants may now enter any future Taiwanese proceeding with the benefit of having first availed themselves of American discovery rules. This consequence certainly does not constitute prejudice sufficient to prevent dismissal under Rule 41(a)(2).

Second, Defendants have not exerted substantial effort or incurred substantial expense in preparing this case for trial. Since filing their Answer, Defendants have directed their efforts primarily at obtaining written discovery, which may be re-used, not at defending the merits of this case. They have produced and received such written discovery, participated in discovery-related teleconferences with the court, and responded to Plaintiff's unsuccessful request to stay the proceeding. As the Court has noted, no dispositive motions have been filed, much less briefed or argued, and no trial date has been set. Defendants do not represent that they have made any other preparation for trial. At this stage in the litigation, none of the aforementioned activities may be regarded as a "substantial expense" incurred in preparing the matter for trial.

Third, this case has not progressed far beyond the pleadings. Defendants served their Answer in April 2015, and Plaintiff filed the subject motion to dismiss in July 2016. Although, as Defendants argue, this action has been pending for nearly eighteen months, a substantial

amount of work must still be completed in order to bring the case to a disposition on the merits. Fact discovery, including depositions and any supplemental written discovery, has yet to be completed. There is no indication that expert discovery, if any, has commenced. Viewed in this light, the matter cannot be said to have progressed so far beyond the pleadings that dismissal would substantially prejudice Defendants.

Fourth, the timing of Plaintiff's motion to dismiss does not warrant denial of it. Although the motion was filed roughly fifteen months after Defendants served their Answer, the motion was filed a mere five months after Plaintiff learned that the Court had denied its request to stay this action (Doc. No. 20, 30) and only two months after Plaintiff learned that the Court would not require discovery to proceed in a manner that Plaintiff, subjectively, believes is necessary for it to continue litigating this case. (Doc. No. 37; Pl. Mov. Br. at 4-5). Thus, Plaintiff cannot be said to have waited unnecessarily in bringing this motion, and any lack of diligence exhibited by it cannot be regarded as substantially prejudicial to Defendants.

### IV. CONCLUSION

In sum, each of the above factors favors dismissal in this case. Other than the 'mere prospect of a second lawsuit,' this Court can find no basis for concluding that voluntary dismissal would result in substantial prejudice to Defendants. Accordingly, for the foregoing reasons, Plaintiff's motion to dismiss this action pursuant to Fed. R. Civ. P. 41(a)(2) is GRANTED. An appropriate order shall issue.

                 /s Stanley R. Chesler
                STANLEY R. CHESLER
                United States District Judge

Dated: October 21, 2016